IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

LA MAR GUNN,                                    :
                                               :
            Plaintiff,                         :
                                               :
    v.                                         :        Civ. No. 15-810-RGA
                                               :
SPECIALIZED LOAN SERVICING LLC,                :
et al.,                                        :
                                               :
            Defendants.                        :

La Mar Gunn, Camden Wyoming, Delaware. *Pro Se* Plaintiff.

Kevin J. Mangan, Esq., Womble Carlyle Sandridge Rice, Wilmington, Delaware. Counsel for Defendants.

**MEMORANDUM OPINION**

March 18, 2016
Wilmington, Delaware

**ANDREWS, U.S. District Judge:**

Plaintiff La Mar Gunn, who appears *pro se* and has paid the filing fee, filed this

action on September 14, 2015, alleging violations of the Fair Debt Collection Practices

Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq*. (D.I. 1). Defendants Specialized Loan

Servicing LLC ("SLS") and John Charles Beggins moved for dismissal pursuant to Fed.

R. Civ. P. 12(b)(2), (4), (5), and (6). (D.I. 8). Plaintiff opposed. Defendants withdrew

the 12(b)(4) and (5) motions. (D.I. 11). Plaintiff has filed a motion for leave to file an

amended complaint. (D.I. 17) Defendants opposed. Briefing on the matters has been

completed.

### BACKGROUND

The Complaint alleges that SLS is a Colorado company engaged in debt

collection in the State of Delaware and that Beggins is employed by SLS as a collector.

(D.I. 1, ¶¶ 4, 5). The Complaint alleges that Defendants are debt collectors under the

FDCPA, 15 U.S.C. § 1692a(6), and that they used the mail and telephone in the

collection of debts. (*Id*. at ¶ 6).

Plaintiff has a mortgage loan relationship with Ocwen Loan Servicing LLC. (*Id*.

at ¶ 8). The Complaint alleges that SLS advised Plaintiff that it is the servicer of

Plaintiff's mortgage debt. (*Id*. at ¶ 7). Plaintiff alleges that he does not have any

relationship with Defendants as his mortgage was with Ocwen Loan Servicing LLC. (*Id*.

at ¶ 8). The Complaint alleges that Plaintiff's mortgage payments have never been late

and that he was "set-up with an automatic draft of monthly payments." (*Id*. at ¶¶ 8, 9).

The Complaint alleges that Defendants "began reporting negative information to

the 3 primary credit reporting agencies," which slandered Plaintiff's credit rating, and

resulted in termination of long-standing credit lines, denial of new credit lines, loss of

business, and damage to his triple A credit rating. (*Id.* at ¶¶ 10, 11). The Complaint alleges that violations under the FDCPA include: (1) misrepresentations about owing a debt; (2) false or misleading representations; (3) unlawful failure to cease communications; and (4) annoying, abusive, or harassing telephone calls. (*Id.* at ¶ 13).

## STANDARDS OF LAW

### Rule 12(b)(2)

Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, the Court may dismiss a suit for lack of jurisdiction over the person. Two requirements, one statutory and one constitutional, must be satisfied for personal jurisdiction to exist over a defendant. *Bell Helicopter Textron, Inc. v. C & C Helicopter Sales, Inc.*, 295 F. Supp. 2d 400, 403 (D. Del. 2002). "First, a federal district court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state." *Id.* (citing Fed. R. Civ. P. 4(e)). The Court must, therefore, determine whether there is a statutory basis for jurisdiction under the Delaware long-arm statute. *Id.* (citing 10 Del. C. § 3104(c)). "Second, because the exercise of jurisdiction must also comport with the Due Process Clause of the United States Constitution, the Court must determine if an exercise of jurisdiction violates [Defendants'] constitutional right to due process." *Id.* (citing *International Shoe Co. v. Washington*, 326 U.S. 310 (1945)).

"Once a jurisdictional defense has been raised, the plaintiff bears the burden of establishing with reasonable particularity that sufficient minimum contacts have occurred between the defendant and the forum state to support jurisdiction." *Id.* (citing *Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir.

2

1987). Plaintiff may establish jurisdictional facts through declarations, affidavits. or other evidence. *See Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984).

Plaintiff must demonstrate either specific or general jurisdiction. Specific jurisdiction arises when the particular cause of action arose from Defendant's activities within the forum state. In contrast, general jurisdiction does not require Defendant's connections be related to the particular cause of action, but that Defendant has continuous or systematic contacts with the forum state. *American Bio Medica Corp. v. Peninsula Drug Analysis Co, Inc.*, 1999 WL 615175 (D. Del. 1999).

"[A]t no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of in personam jurisdiction." *Id.* (citation omitted). Plaintiff is required to respond to a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction with actual proof, not mere allegations. *Id.; see also Hurley v. Cancun Playa Oasis Int'l Hotels*, 1999 WL 718556, at *1 (E.D. Pa. Aug. 31, 1999) (stating that "[g]eneral averments in an unverified complaint or response without the support of sworn affidavits or other competent evidence are insufficient to establish jurisdictional facts").

**Rule 12(b)(6)**

Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than

3

simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading rules established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014).

4

## DISCUSSION

**Personal Jurisdiction**

Defendants seek dismissal of Beggins for lack of personal jurisdiction. Defendants argue that the Complaint alleges that Beggins resides in Colorado, but contains no allegations of involvement with Plaintiff or with Plaintiff's loan. In addition, Defendants argue that the Complaint fails to contain facts showing that Beggins maintains any contacts with Delaware, much less minimum contacts required for the exercise of personal jurisdiction over Beggins to comport with due process or satisfy the Delaware long arm statute. Plaintiff does not address it in his opposition.[1] (*See* D.I. 13, 14).

Even taking Plaintiff's averments as true, as this Court is required to do pursuant to Rule 12(b)(2), Plaintiff's Complaint makes no mention of any action taken by Beggins in Delaware. As discussed above, when a defendant raises a personal jurisdiction defense, the plaintiff has the burden to establish with "reasonable particularity" sufficient contacts between the defendant and the forum state to support jurisdiction. *See Provident Nat'l Bank*, 819 F.2d at 437. Plaintiff made no argument in opposition to Defendants' motion to dismiss pursuant to Rule 12(b)(2). Nor did Plaintiff present any competent evidence in support of his Complaint to meet his burden of proof showing that this Court has personal jurisdiction over Beggins. By failing to respond to Defendants' argument, Plaintiff did not provide this Court with any additional information

---

[1] Plaintiff's opposition, while full of case citations and legal arguments, appears to be a cut-and-paste from some unrelated case involving "Computershare Limited" and "Steven R. Rothbloom." (D.I. 14 at 4, 9). Thus, his arguments are not particularly related to this case.

5

to warrant the exercise of personal jurisdiction over Beggins, and, thus, he fails to meet

his burden to establish that either specific or general personal jurisdiction exists.

Because Plaintiff has not demonstrated a basis for personal jurisdiction over Beggins,

the Court will grant Defendants' motion to dismiss Beggins for lack of personal

jurisdiction.

**Fair Debt Collection Practices Act**

Defendants move for dismissal of the FDCPA claims on the grounds that the

Complaint is pled in a vague and conclusory manner, the allegations do not adequately

allege that Defendants are "debt collectors" within the meaning of the FDCPA, and the

allegations do not allege that Defendants have violated the FDCPA.

Plaintiff opposes and argues that, given his *pro se* status, his pleading must be

liberally construed.  He "believes" that Defendants violated 15 U.S.C. §§ 1692d, 1692e,

1692e(10), and 1692f.  Plaintiff provides an exhibit that identifies SLS as a debt

collector and argues that Defendants' communications with him have been unfair and

unconscionable (in violation of 15 U.S.C. § 1692f), because they misrepresented the

actual amounts owed, continue to slander his credit standing, and unlawfully

misrepresent the subject debt.  (D.I. 14 at 8; D.I. 14-1 at 1).  Plaintiff further argues that

Defendants pressured him "to compromise his financial future in order to pay Defendant

and restore his good credit rating." (*Id.* at 8).  Finally, Plaintiff argues that Defendants

violated 15 U.S.C. § 1692d because its "string of correspondence was abusive and

oppressive [and placed him] in a situation of holding his credit hostage and caus[ed]

significant financial losses due to inaccurate information reported to third parties.

The FDCPA prohibits debt collectors from "making false or misleading representations and from engaging in various abusive and unfair practices." *Heintz v. Jenkins*, 514 U.S. 291, 292 (1995). Under the FDCPA, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Section 1692d provides that "a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt," and § 1692f provides that a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." The FDCPA provides that "an action to enforce any liability created by [the Fair Debt Collection Practices Act] may be brought . . . within one year from the date on which the violation occurs." *See* 15 U.S.C. § 1692k(d).

As it now stands, the Complaint fails to state claims upon which relief may be granted. The Complaint does not identify any dates when anything happened. In terms of "annoying, abusive, or harassing telephone calls," the Complaint makes no further allegations, such as, how many there were, and whether there was anything beyond the number (whatever that might have been) that would have been "annoying, abusive, or harassing." Read liberally, the Complaint might state that SLS lied about being the "servicer of an alleged mortgage debt," and it may be inferred that the allegation is that SLS claimed to be the servicer of the mortgage that Ocwen either owned or was servicing. Even that allegation, which is close as Plaintiff comes to making a non-conclusory factual allegation, is extremely vague. In light of the fact that mortgage loan servicers are generally not subject to the FDCPA, *see infra*, more is needed. The Complaint consists of legal conclusions without facts to support its claims.

7

The FDCPA is not applicable to a creditor seeking to recover a debt owed to it. *See Pollice v. National Tax Funding, L.P.*, 225 F.3d 379, 403 (3d Cir. 2000) ("Creditors – as opposed to 'debt collectors' – generally are not subject to the FDCPA"). Under the FDCPA, a "debt collector" is defined as "any person who . . . regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Excluded from the definition are "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor" and "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. §§ 1692a(6)(A), (F).

Based upon the allegations in the Complaint that SLS "claimed to be the servicer of an alleged mortgage debt belonging to Plaintiff," the Complaint suggests that SLS might be a loan servicer, and might be statutorily exempt under the FDCPA. In addition, it has been held that, as a mortgage servicing company, SLS qualifies for an exemption from the FDCPA's definition of a debt collector. *See Peters v. Bank of Am., N.A.*, 2015 WL 269424, at *1 (E.D. Va. Jan. 2015). SLS, however, could possibly be considered a debt collector if it acquired the debt in question purely for the purpose of collection. *See F.T.C. v. Check Investors, Inc.*, 502 F.3d 159, 173 (3d Cir. 2007). Whether SLS is a debt collector turns on the status of the debt at the time it was acquired and the facts as alleged do not allow the Court to make this determination. It appears that Plaintiff has a document in which SLS identifies itself as a "debt collector,"

which is sufficient for the purposes of a complaint.  Nevertheless, the allegation that SLS is a debt collector is only part of what Plaintiff needs to allege.

Based upon the foregoing, the Court will grant Defendants' motion to dismiss the FDCPA claims for failure to state a claim, but with leave to amend.

**Leave to Amend**

Plaintiff seeks leave to amend in his opposition to Defendants' motion to dismiss. He also filed a separate motion for leave to amend his complaint.  (D.I. 17)  Defendants opposed.  Docket item 17 is titled as a request for leave to amend, but reads more like an amended complaint than a motion for leave to amend as it includes new claims under the Fair Credit Reporting, 15 U.S.C. §§ 16981 *et seq.*, and adds Doe and Roe Defendants.

The Court does not considered D.I. 17 as a proposed amended complaint.  Even were the Court to consider D.I. 17 as a proposed amended complaint, it does not comply with the local rules of this court.  Pursuant to D. Del. LR 15.1(b), when seeking to amend, the proposed amended pleading shall indicate in what respect it differs from the pleading which it amends, by bracketing or striking through materials to be deleted and underlining materials to be added.  New language is not underscored and there are no strikes through proposed deleted material.[2]

The Court does not consider D.I. 17 as an amended complaint.  However, it will grant Plaintiff leave to file an amended complaint in compliance with the Local Rules.

---

[2] Plaintiff is an experienced and capable *pro se* litigant.  He is able to comply with the rules.

9

## CONCLUSION

For the above reasons, the Court will grant Defendants' motion to dismiss (D.I. 8) and will grant Plaintiff's motion for leave to amend (D.I. 17) to cure his pleading defects.

An appropriate order will be entered.