## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LA MAR GUNN, | : |
| Plaintiff, | : |
| v. | :    Civ. No. 15-810-RGA |
| SPECIALIZED LOAN SERVICING LLC, | : |
| et al., | : |
| Defendants. | : |

La Mar Gunn, Dover, Delaware. *Pro Se* Plaintiff.

Kevin J. Mangan, Esq., Womble Carlyle Sandridge Rice, Wilmington, Delaware. Counsel for Defendants.

## **MEMORANDUM OPINION**

March 13 , 2017
Wilmington, Delaware

Richard G. Andrews
**ANDREWS, U.S. District Judge:**

Plaintiff La Mar Gunn, who appears *pro se* and has paid the filing fee, filed this action on September 14, 2015, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.* (D.I. 1). The original Complaint was dismissed and Plaintiff was given leave to amend. (D.I. 20, 21). Plaintiff filed an unverified "Verified Amended Complaint" on June 6, 2016, alleging violations of the FDCPA and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.* (D.I. 27). Defendants Specialized Loan Servicing LLC ("SLS") and John Charles Beggins moved for dismissal pursuant to Fed. R. Civ. P. 12(b)(6). (D.I. 28). Plaintiff opposed and filed a motion to strike irrelevant materials relied on by Defendants, said motion being opposed by Defendants. (D.I. 30, 31, 32). Briefing has been completed.

## BACKGROUND

The Amended Complaint alleges that SLS is "the authorized successor of Plaintiff's mortgage loan" and, "in its capacity as a loan servicer," "acts as a third party debt collector for the owner of Plaintiff's mortgage loan." (D.I. 27, at ¶ 5). Beggins, whose principal residence is in Colorado, is described as being employed by SLS as a debt collector.[1] (*Id.* at ¶ 7). The Amended Complaint alleges that Defendants are debt collectors under the FDCPA, 15 U.S.C. § 1692a(6), and that "Beggins through his regular business practice[] collects debts in this District." (*Id.* at ¶ 8). The Amended Complaint adds John Doe Defendants I through V and Roe Corporation Defendants VI through X, and alleges that the Doe and Roe Defendants "are in some way legally

---

[1]Beggins was dismissed as a defendant on March 18, 2016, for lack of personal jurisdiction. (*See* D.I. 20, 21). The Amended Complaint seeks to reinstate Beggins as a defendant.

responsible and liable for the events referred to herein, and proximately caused the damages alleged herein." (*Id*. at ¶¶ 9-10).

Plaintiff owns property at 2511 North Pine Street in Wilmington, Delaware. (*Id*. at ¶ 16). Prior to February 2014, he had an outstanding promissory note and mortgage recorded against the property, which was serviced by Ocwen Loan Servicing LLC. (*Id*. at ¶ 17). Plaintiff received correspondence and telephone calls from SLS advising him that SLS was "the servicer of an alleged mortgage debt belonging to Plaintiff." (*Id*. at ¶ 18). Plaintiff "did not have any relationship with [D]efendants," and his mortgage payments to Ocwen had never been late. (*Id*. at ¶ 19). Indeed, Plaintiff's mortgage payments were "set-up for automatic draft." (*Id*. at ¶ 20). "Defendants, without any notice, began reporting negative information to the [three] primary credit reporting agencies," and this "slander[ed his] stellar credit rating despite his perfect payment history." (*Id*. at ¶ 22). Plaintiff alleges that, as a result of these actions, he suffered "termination of long-standing credit lines, denial of new credit lines, loss of business, and damage to his triple A credit rating." (*Id*. at ¶ 22).

Count I alleges violations under § 1681s-2(b) of the FCRA in that: (1) Plaintiff disputed information on his credit report; (2) the credit agencies notified Defendants of the dispute; (3) Defendants failed to review all information provided by the credit reporting agencies; (4) Defendants notified the credit reporting agencies that the credit information reported was correct; and (5) Defendants failed to notify the credit reporting agencies that the account was disputed. (*Id*. at ¶¶ 27-30).

Count II alleges violations of §§ 1692d, 1692e, 1692f, and 1692g of the FDCPA. It alleges that Defendants acted as third party debt collectors for the owner of Plaintiff's

2

mortgage loan and asks the Court to "draw the reasonable inference that [D]efendant[s] fall[] within the FDCPA's definition of a debt collector, as Defendants are 'third party' servicers to the 'owner' of Plaintiff's mortgage." (*Id.* at ¶ 34).[2] The Amended Complaint refers to Exhibit 1 (*id.*), but there are no exhibits attached to the Amended Complaint. Plaintiff received no less that twenty-five contacts from SLS and Beggins; he received harassing, inaccurate, and inconsistent communications from Defendant; and Defendants "tried to 'frighten Plaintiff with legal action and persuade him to make a payment,'" all in violation of the FDCPA. (*Id.* at ¶ 35). Plaintiff alleges, "[I]t is extremely unfair for Defendants to use unlawful and unjust practices to collect debts on behalf of others through intimidation tactics." (*Id.* at ¶ 37).

Plaintiff seeks actual, special, general, and punitive damages.

## STANDARDS OF LAW

Plaintiff proceeds *pro se* and, therefore, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a

---

[2] The Amended Complaint often refers to "defendant" or "Defendants" without identifying who, of the many named Defendants, allegedly took the described action.

3

cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 346.

When reviewing the sufficiency of a complaint, a court should follow a three-step process: (1) consider the elements necessary to state a claim; (2) identify allegations that are merely conclusions and therefore are not well-pleaded factual allegations; and (3) accept any well-pleaded factual allegations as true and determine whether they plausibly state a claim. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## DISCUSSION

Defendants move to dismiss, generally, on the grounds that Plaintiff renamed Beggins as a defendant and added new defendants without leave of court, and, specifically, that the Amended Complaint fails to state claims upon which relief may be granted. With regard to the Doe and Roe Defendants, the Amended Complaint contains conclusory allegations that fail to meet the pleading requirements of *Iqbal* and *Twombly*.

As to the FCRA claim in Count I, Defendants move for dismissal on the grounds that the Amended Complaint does not: (1) describe the date or content of any allegedly

4

inaccurate information furnished by Defendants to a credit reporting agency; (2) provide any factual allegations regarding the content and date of the disputed information; (3) provide concrete allegations that any of the named defendants received notice of any disputed information or failed to conduct a reasonable review after receiving that information; and (4) merely parrots the statutory language and consists of nothing more than labels and conclusions.

As to Count II, Defendants move for dismissal on the grounds that Plaintiff failed to plead sufficient facts to allege a violation of the FDCPA because he does not allege: (1) that the debt arises out of a transaction entered into primarily for personal, family, or household purposes; (2) a factual basis for asserting an FDCPA violation; or (3) that any Defendant is a "debt collector" subject to the FDCPA.

Plaintiff argues that dismissal is not appropriate as to Count I because Defendants began reporting inaccurate information to the three credit bureaus on December 31, 2013, and have continued to do so, and, every day since December 31, 2013, he has been injured. He argues that dismissal is not appropriate as to Count II because Defendants identify their organization as a debt collector on its website, all correspondence, and phone systems.[3]

Under the FCRA, those who furnish information to consumer reporting agencies have two obligations: (1) to provide accurate information and various notices, 15 U.S.C. § 1681s-2(a); and (2) to undertake an investigation upon receipt of a notice of dispute

---

[3]Plaintiff's arguments refer to matters outside the pleadings (D.I. 31 at 4-5), which, therefore, are not considered by the Court. Similarly, the Court does not consider the exhibits Defendants attached to their motion to dismiss. (D.I. 29 at Ex. A).

5

regarding credit information that was furnished, 15 U.S.C. § 1681s-2(b). The duties on the furnisher of the information are not imposed until the furnisher receives notice pursuant to 15 U.S.C. § 1681i(a)(2), and that notice must come from a consumer reporting agency, not the consumer, in order to trigger the requirements of 15 U.S.C. § 1681s-2(b). *See Bartell v. Dell Fin. Serv., LP*, 2007 WL 89157, at *3 (M.D. Pa. Jan. 8, 2007). "A § 1682s-2(b) claim requires that: (1) a plaintiff has contacted a credit reporting agency [] to report a dispute, (2) the [credit reporting agency] reported the dispute to Defendants, and (3) Defendants have failed to investigate the dispute." *Cushing v. Student Loan Mktg. Ass'n*, 2016 WL 5390644, at *2 (E.D. Pa. Sept. 27, 2016). There is no private right of action under § 1682s-2(a).[4] *See id.*

Count I does not allege the elements of a FCRA claim. Plaintiff alleges as a fact that he contacted credit reporting agencies regarding the dispute[5] and that the credit reporting agencies communicated his dispute to Defendants. Count I does not indicate when Plaintiff contacted the credit reporting agencies. It also does not explicitly provide information regarding the nature of the dispute, although I think that the dispute can be inferred from the narrative Plaintiff provides, to wit, he did not pay the mortgage after a date which is about February 2014. (*See* D.I. 27, ¶ 17). Plaintiff does not allege that he did pay the mortgage after February 2014, and I cannot infer from the Amended Complaint that he did. Indeed, from the way the Amended Complaint is written, I would

---

[4] Thus, Plaintiff's allegation that Defendants did not provide notice that "the account was disputed" (D.I. 27, ¶ 30) is not actionable, because such notice is a requirement of § 1682s-2(a)(3), not § 1682s-2(b).

[5] Oddly, Plaintiff provides this fact, which would appear to be within his personal knowledge, "on information and belief." (D.I. 27, ¶ 28).

6

infer the opposite, that is, that he did not pay the mortgage after February 2014.

Finally, the Amended Complaint does not allege that Defendants failed to investigate

the dispute. Instead, it alleges the opposite, that is, that they investigated the dispute,

albeit, while failing to review all relevant information and/or by failing to conduct a

reasonable investigation, followed by Defendants' notification to credit reporting

agencies that the information reported was correct. (*See* D.I. 27, ¶¶ 29-30). In

essence, the FCRA claim alleges that Defendants conducted an investigation, but the

outcome did not turn out favorably for Plaintiff.

Plaintiff's complaint parrots the language of § 1681s-2(b)(1)(B), that is, that

Defendants did not "review all relevant information provided by the consumer reporting

agency." Sometimes, parroting the language might be sufficient. Here, for example,

Plaintiff could hardly be expected to know what Defendants did or did not do with the

information provided by the consumer reporting agencies. When, however, he does

know that there was some review, I do not think it is sufficient, even under the liberal

pleading standards permitted for a *pro se* plaintiff, to simply parrot the language without

providing some factual basis for inferring that Defendants did not review all relevant

information. Here, for example, if Plaintiff alleged that Defendants reported that he did

not pay the mortgage from February 2014 to the date of the report, and further alleged,

for example, that he had provided information showing electronic bank transfers from

his account to the mortgage servicer's account, one could infer there was a basis for

saying that Defendants must not have reviewed all relevant information.

As currently pled, Count I fails to state a claim upon which relief may be granted.

Plaintiff will be granted leave to amend, but Plaintiff should understand that he needs to

make clearer the factual basis for his complaint, which means that he needs to provide (1) an approximate date for when the complained of actions occurred, and (2) a factual basis for concluding Defendant SLS did not review all relevant information. Further, there are no relevant factual allegations at all against Beggins for a violation of the FCRA. Count I was not in the original complaint, and, therefore, despite the complete failure to allege anything against Beggins, Plaintiff will be given leave to take a second opportunity to do so.

To state a claim under the FDCPA, Plaintiff must allege that: "(1) [he] is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the [FDCPA] defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Jensen v. Pressler & Pressler*, 791 F.3d 413, 417 (3d Cir. 2015). The FDCPA defines a "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money . . . which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5).

Count II is also deficiently pled. It does not plead that the debt at issue arose out of a transaction entered into primarily for personal, family, or household purposes. The FDCPA applies to consumer debts, not business debts.[6] *See Bloom v. I.C. Sys., Inc.*, 972 F.2d 1067, 1068-69 (9th Cir. 1992). Nor does Count II cure its earlier pleading

---

[6] Plaintiff's address on the docket is in Dover, Delaware. He alleges that he resides in Kent County, Delaware. (D.I. 27, ¶ 4). The Court takes judicial notice that the subject property, in Wilmington (*id.*, ¶ 16), is located in New Castle County, Delaware. Thus, the Amended Complaint suggests, without saying so, that it is a rental property. But it could also be a dwelling purchased for personal purposes, for example, as a residence for a relative.

defects. For example, Count II does not identify any dates or time frame when the
twenty-five contacts, described as "inconsistent communications" occurred. Plaintiff
has to provide some time frame. Twenty-five contacts in a week is harassing; twenty-
five contacts in two years, without more, is not. *See, e.g., Martin v. Allied Interstate,
LLC*, 192 F. Supp. 3d 1296, 1307 (S.D. Fla. 2016) ("Nineteen calls over a month, the
majority of which went unanswered, without more--for example who was the target of
the call or derogatory language used during the call--is insufficient to sustain a claim for
harassment"); *Saltzman v. I.C. Sys., Inc.*, 2009 WL 3190359, at \*7 (E.D. Mich. Sept. 30,
2009) ("[A] debt collector does not necessarily engage in harassment by placing one or
two unanswered calls a day in an unsuccessful effort to reach the debtor, if this effort is
unaccompanied by any oppressive conduct such as threatening messages."); *Ghawi v.
Law Offices Howard Lee Schiff, P.C.*, 2015 WL 6958010 (D. Conn. Nov. 10, 2015)
(harassment would include circumstances such as by "calling a debtor numerous times
in the same day, or multiple times in a short period of time, or by making nearly 200
calls to a consumer over a nineteen-month period") (internal citations and alterations
omitted).

Nor did the Amended Complaint cure the pleading defects with regard to SLS's
status as debt collector versus a mortgage servicer. As discussed in this Court's March
18, 2016 Memorandum Opinion, in light of the fact that mortgage loan servicers are
generally not subject to the FDCPA, more is needed.[7] (*See* D.I. 20 at pp.7-9). Plaintiff

---

[7]The FDCPA is not applicable to a creditor seeking to recover a debt owed to it.
*See Pollice v. National Tax Funding, L.P.*, 225 F.3d 379, 403 (3d Cir. 2000) ("Creditors
– as opposed to 'debt collectors' – generally are not subject to the FDCPA."). Under
the FDCPA, a "debt collector" is defined as "any person who . . . regularly collects or

9

now asks the "Court to draw the reasonable inference that defendant] falls within the FDCPA's definition of a debt collector." Whether SLS is a debt collector turns on the status of the debt at the time it was acquired. The facts as alleged do not allow the Court to draw this inference. Count II consists of legal conclusions without facts to support its claims. It will therefore be dismissed. Given Plaintiff's *pro se* status, he will be given one final opportunity to amend Count II.

**Motion to Strike**

The Court does not consider the attachments attached to Defendants' motion to dismiss. Therefore, Plaintiff's motion to strike (D.I. 30) will be dismissed as moot.

## CONCLUSION

For the above reasons, the Court will grant Defendants' motion to dismiss (D.I. 28) and will dismiss as moot Plaintiff's motion to strike (D.I. 30). Plaintiff will be given leave to amend to cure his pleading defects.

An appropriate order will be entered.

---

attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Excluded from the definition are "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor" and "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. §§ 1692a(6)(A), (F). Thus, SLS may be a debt collector in some cases, and not a debt collector in other cases.

10